Lane M. Nussbaum, SBN 264200
NUSSBAUM APC
27489 Agoura Road, Ste 102
Agoura Hills, California 91301
Tel.(818) 660-1919

Attorneys for Movant MAGNUM PROPERTY INVESTMENT, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

In re: COSME R. SIBRIAN

Debtor(s),

Case No.: 2:20-BK-10198-VZ

SUPPLEMENTAL DECLARATION OF LANE NUSSBAUM IN SUPPORT OF MOTION FOR RETROACTIVE RELIEF FROM AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY

[11 U.S.C. § 362(I)]

---

**SUPPLEMENTAL DECLARATION OF LANE NUSSBAUM**

## SUPPLEMENTAL DECLARATION OF LANE NUSSBAUM

I, Lane Nussbaum, declare:

1. I am an attorney at law, duly licensed to practice before all of the courts of the State of California, and am counsel for moving party Magnum Property Investments, LLC in the unlawful detainer case titled Magnum Property Investments, LLC v. Cosme R. Sibrian, et al., case number 19NWUD02481. The facts set forth in this Declaration are made of my own personal knowledge, and if called on to do so, I could and would testify thereto.

2. In 2019 Debtor was in default on a loan subject to a deed of trust on the real property located at 3715 E. 52nd Unit, Maywood, CA 90270, the Subject Premises.

3. On September 18, 2019 a foreclosure auction for the Subject Premises concluded and the property was sold to Magnum Property Investments, LLC ("Magnum"), as a bona fide purchaser for value.

4. Magnum filed an unlawful detainer action, assigned LASC No. 19NWUD02481, against Debtor on November 08, 2019, and Debtor did not respond. An application for request for default judgment was filed on January 13, 2020 and the judgment was entered by the court against the Debtor on January 14, 2020. A true and correct copy of the judgment is attached as Exhibit 1

5. On January 14, 2020 a writ of possession was entered by the court against the debtor, a true and correct copy is attached as Exhibit 2.

6. Later in the afternoon on January 14, 2020 we received via regular mail notice of Debtor's bankruptcy filing. Prior to this we and the court were not made aware of the bankruptcy filing thus the actions taken after the filing date.

//
//
//

1

Based on these facts we are seeking retroactive relief from the bankruptcy stay to ensure the judgment and writ of possession in the unlawful detainer case are upheld.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 15, 2020.

_____
Lane Nussbaum
Attorney for Movant
Magnum Property Investments, LLC

SUPPLEMENT AL DECLARATION OF LANE NUSSBAUM

100227844

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2020 09:17 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Beatriz Gonzalez, Deputy Clerk

**UD-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | **FOR COURT USE ONLY** |
|---|---|
| Lane Nussbaum SBN 264200, Brandon Dimond SBN 266876 <br> 27489 Agoura Rd., Ste. 102, Agoura Hills, CA 91301 <br> TELEPHONE NO.: Tel: 818-660-1919    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: info@nussbaumapc.com <br> ATTORNEY FOR *(Name)*: Magnum Property Investments, LLC | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 12720 Norwalk Blvd.
MAILING ADDRESS: 12720 Norwalk Blvd.
CITY AND ZIP CODE: Norwalk 90650
BRANCH NAME: Norwalk Courthouse

PLAINTIFF: Magnum Property Investments, LLC

DEFENDANT: Cosme R. Sibrian, et al.

| **JUDGMENT—UNLAWFUL DETAINER** | CASE NUMBER: |
|---|---|
| [✔] By Clerk    [✔] By Default    [ ] After Court Trial <br> [ ] By Court    [✔] Possession Only    [ ] Defendant Did Not Appear at Trial | 19NWUD02481 |

**JUDGMENT**

1. [✔] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [✔] **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. [ ] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*:
      before *(name of judicial officer)*:
   b. Appearances by:
      [ ] Plaintiff *(name each)*:                              [ ] Plaintiff's attorney *(name each)*:
         (1)
         (2)
      [ ] Continued on *Attachment* 2b (form MC-025).
      [ ] Defendant *(name each)*:                              [ ] Defendant's attorney *(name each)*:
         (1)
         (2)
      [ ] Continued on *Attachment* 2b (form MC-025).
   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was    requested.

Electronically Received 01/13/2020 10:49 AM

**Page 1 of 2**

| Form Approved for Optional Use <br> Judicial Council of California <br> UD-110 [New January 1, 2003] | **JUDGMENT—UNLAWFUL DETAINER** | Code of Civil Procedure, §§ 415.46, <br> 585(d), 664.6, 1169 |

100380498

| PLAINTIFF: Magnum Property Investments, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: Cosme R. Sibrian, et al. | 19NWUD02481 |

JUDGMENT IS ENTERED AS FOLLOWS BY: ☐ THE COURT  ☑ THE CLERK

3. **Parties.** Judgment is
   a. ☑ for plaintiff *(name each):* Magnum Property Investments, LLC

   and against defendant *(name each):*
   Cosme R. Sibrian

   ☐ Continued on *Attachment* 3a (form MC-025).
   b. ☐ for defendant *(name each):*

4. ☑ Plaintiff ☐ Defendant is entitled to possession of the premises located at *(street address, apartment, city, and county):*

   3715 E. 52nd Unit A, Maywood, CA 90270, County of Los Angeles

5. ☐ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**
   a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:

   | | | |
   |---|---|---|
   | (1) ☐ | Past-due rent | $ |
   | (2) ☐ | Holdover damages | $ |
   | (3) ☐ | Attorney fees | $ |
   | (4) ☐ | Costs | $ |
   | (5) ☐ | Other *(specify):* | $ |
   | (6) | **TOTAL JUDGMENT** | $ |

   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
   ☐ Defendant named in item 3b is to recover costs: $
   ☐ and attorney fees: $               .

   c. ☐ The rental agreement is canceled. ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Attachment* (form UD–110S), which is attached.

8. ☐ **Other** *(specify):*

   ☐ Continued on *Attachment* 8 (form MC-025).

Date:
Sherri R. Carter Executive Officer / Clerk of Court                    JUDICIAL OFFICER

Date: 01/14/2020               ☑ Clerk, by _____Beatriz Gonzalez_____, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

UD-110 [New January 1, 2003]            **JUDGMENT—UNLAWFUL DETAINER**            **Page 2 of 2**

100380498

**EXHIBIT 2**

**EJ-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 264200 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Lane Nussbaum | | |
| FIRM NAME: Nussbaum APC | | |
| STREET ADDRESS: 27489 Agoura Rd, Suite 102 | | |
| CITY: Agoura Hills    STATE: CA    ZIP CODE: 91301 | | |
| TELEPHONE NO.: 818-660-1919    FAX NO.: | | |
| E-MAIL ADDRESS: lnussbaum@nussbaumapc.com | | |
| ATTORNEY FOR (name): Magnum Property Investments, LLC | | |
| ✔ ORIGINAL JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 12720 Norwalk Blvd.
MAILING ADDRESS: 12720 Norwalk Blvd.
CITY AND ZIP CODE: Norwalk 90650
BRANCH NAME: Norwalk Courthouse

Plaintiff: Magnum Property Investments, LLC
Defendant: Cosme R. Sibrian, et al.

CASE NUMBER: 19NWUD02481

**WRIT OF**
☐ EXECUTION (Money Judgment)
✔ POSSESSION OF    ☐ Personal Property    ✔ Real Property
☐ SALE

✔ Limited Civil Case (including Small Claims)
☐ Unlimited Civil Case (including Family and Probate)

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): Magnum Property Investments, LLC
   is the ✔ original judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.
4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   Cosme R. Sibrian
   3715 E. 52nd Unit A, Maywood, CA 90270, County of Los Angeles

   ☐ Additional judgment debtors on next page

5. **Judgment entered** on (date): 01/14/2020
6. ☐ Judgment renewed on (dates):

7. **Notice of sale** under this writ
   a. ✔ has not been requested.
   b. ☐ has been requested (see next page).
8. ☐ Joint debtor information on next page.

[SEAL]

9. ✔ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.

**For Items 11–17, see form MC-012 and form MC-013-INFO**

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 0.00 |
| 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13. Subtotal (add 11 and 12) | $ | 0.00 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 0.00 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 0.00 |
| 17. Fee for issuance of writ | $ | 40.00 |
| 18. **Total** (add 15, 16, and 17) | $ | 40.00 |

19. **Levying officer:**
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . . $ 0.00
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . . . . . $ 0.00

20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Sherri R. Carter Executive Officer / Clerk of Court

Issued on (date): 01/14/2020    Clerk, by _Beatriz Gonzalez_, Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

100380501

**EJ-130**

| | | |
|---|---|---|
| Plaintiff: | Magnum Property Investments, LLC | CASE NUMBER: 19NWUD02481 |
| Defendant: | Cosme R. Sibrian, et al. | |

21. ☐ Additional judgment debtor *(name, type of legal entity if not a natural person, and last known address):*

22. ☐ Notice of sale has been requested by *(name and address):*

23. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
    a. *on (date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    a. *on (date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    c. ☐ Additional costs against certain joint debtors are itemized: ☐ Below ☐ On Attachment 23c

24. ☑ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
    a. ☑ Possession of real property: The complaint was filed on *(date):* November 08, 2019
       *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

       (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

       (2) ☑ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

       (3) ☑ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

       (4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

          (a) The daily rental value on the date the complaint was filed was  $ 33.33
          (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*
              MON - FRI at 8:30 AM    Monday through Friday at 8:30 A.M. - Clerk's Office

    b. ☐ Possession of personal property.
       ☐ If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
    c. ☐ Sale of personal property.
    d. ☐ Sale of real property.
    e. The property is described: ☑ Below ☐ On Attachment 24e
       3715 E. 52nd Unit A, Maywood, CA 90270, County of Los Angeles

---

EJ-130 [Rev. January 1, 2018]                **WRIT OF EXECUTION**                Page 2 of 3

100380501

**EJ-130**

| Plaintiff: Magnum Property Investments, LLC | CASE NUMBER: |
|---|---|
| Defendant: Cosme R. Sibrian, et al. | 19NWUD02481 |

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.